# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | CRIMINAL ACTION<br>NO. 3:10-CR-338 |
| v. | (JUDGE CAPUTO) |
| Raphael J. Musto, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant Raphael J. Musto's Motion to Stay the Order Committing Musto to the Custody of the Attorney General (Doc. 155).  Mr. Musto's request for a stay will be denied.

## Discussion

In deciding a motion to stay, "a court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 173 L. Ed.2d 550 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed.2d 724 (1987)). A stay "is not a matter of right, even if irreparable injury might otherwise result." *Id*. at 433 (quoting *Va. Ry. Co. v. United States*, 272 U.S. 658, 672, 47 S. Ct. 222, 71 L. Ed. 463 (1926)). Rather, it is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Id.* at 433 (quoting *Va. Ry. Co.*, 272 U.S. at 672–73). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433–34.

Mr. Musto seeks to appeal the determination of the Court that he is physically competent to prepare for and stand trial.  He also seeks to appeal the commitment to a medical facility because of the finding that he suffers from a mental defect "rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241.  With respect to physical competence, the Third Circuit Court of Appeals stated in its September 30, 2013 opinion that Mr. Musto's claim "that he is physically impaired from assisting counsel in his defense such that trial would violate the Sixth Amendment . . . is effectively reviewable postjudgment.  If Musto were convicted at trial, he would be free to seek post-conviction relief based upon a claim that the trial did not comport with Sixth Amendment procedural protections."  *United States v. Musto*, – F. App'x –, No. 12-4146, 2013 WL 5422965 (3d Cir. Sept. 30, 2013) (citing *Flanagan v. United States*, 465 U.S. 259, 266–67, 104 S. Ct. 1051, 79 L. Ed. 2d 288 (1984) (disqualification of counsel in criminal case is not subject to collateral order review because it "is in no danger of becoming moot upon conviction and sentence" and concerns a "right not to be convicted in certain circumstances")).  Therefore, based on the analysis of the Court of Appeals, it appears that Musto cannot now appeal the finding of physical competence to stand trial.

Mr. Musto also seeks to appeal the commitment to a federal medical facility based on the determination that he suffers from a mental defect rendering him mentally incompetent to stand trial.  Mr. Musto sought to have himself declared incompetent for this reason in addition to the question of physical competence.  He achieved the result that he sought.  As such, seeking to appeal from such a determination is incongruous.

Looking to the factors regarding grant of a stay, first, Mr. Musto is not likely to succeed on the merits. The Court's conclusion that Mr. Musto is physically competent to

stand trial was adequately supported by the evidence presented during the hearing. Specifically, the Court's finding that the risk of death presented by Mr. Musto's thoracic aneurism is not sufficient to impact his ability to prepare for and participate in trial was not clearly erroneous. *See United States v. Musto*, No. 10-CR-338, 2014 WL 47351, at *3 (M.D. Pa. Jan. 7, 2014); Medical Report of Dr. Stella, Doc. 127, Ex. K, 4 ("Ascending Aorta Aneurysm-stable at 4.7cm.  Surgery not indicated until 5-5.5cm.  Just monitor at this point.").  Notably, the size of the aneurism appears unchanged since this initial diagnosis, and the Court did not hear any testimony from a treating physician or vascular specialist regarding the severity or progression of the aneurism.  In addition, the Court's acceptance of Dr. Reddy's credibility and conclusion was not clearly erroneous.  With respect to Mr. Musto's mental competence, the Court was indeed in agreement with Mr. Musto that he is not mentally competent to stand trial.  Despite Mr. Musto's argument to the contrary, commitment to the custody of the Attorney General is not only the proper remedy for a finding of mental incompetence, it is a mandatory consequence.  *See, e.g. United States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003) ("It is . . . clear from the plain language of [§ 4241(d) ], however, that the district court does not have the discretion, prior to a reasonable period of hospitalization in the custody of the Attorney General, to determine whether the defendant will likely attain the capacity to stand trial.").

Second, Mr. Musto has not established that he will suffer irreparable harm if the stay is denied.  As Mr. Musto emphasizes, the Court's order commits Mr. Musto to the custody of the Attorney General in a federal mental health facility for up to four months for a mental evaluation.  Although Mr. Musto emphasizes the apparent risks posed by his thoracic aneurism and the psychological pressure of commitment, it is worth noting that Butner Federal Medical Center is indeed a medical facility, which mitigates these concerns.

Finally, with respect to the third and fourth factors, harm to the government and the public interest, it is worth noting again that Mr. Musto was charged with taking a bribe, reward or kickback for political favor at a time when many local political figures were charged, convicted and sentenced for similar crimes.  As such, there is a public interest "in seeing to it that those charged with crimes characterized as political corruption are tried," and "in assuring that those with power and influence are governed by the same rules that apply to all."  *Musto*, 2014 WL 47351, at *4.  Mr. Musto all but concedes the importance of these interests by stating that "the arguably unjustified detention of a [sic] Musto and the significant risks to Musto's health set forth, *supra*, outweigh any harm to the government, assuming arguendo that the government would suffer harm, or the public interest in not staying the commitment order pending the appeal." (Doc. 155, 24.)  In the absence of any arguments to the contrary and in light of the strong arguments noted by the Court in its earlier opinion, it seems clear that these final two factors weigh heavily in favor of denying the stay.

## Conclusion

Accordingly, because Mr. Musto has failed to show that any of the relevant factors weigh in favor of staying the commitment order, the motion will be denied.

An appropriate order follows.


 January 29, 2014                                                         /s/ A. Richard Caputo
Date                                                                               A. Richard Caputo
                                                                                       United States District Judge

4